IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02018-BNB

SHAWN A. MARZAN,

    Plaintiff,

v.

REPUBLIC SERVICES, INC.,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 6 2011

GREGORY C. LANGHAM
                      CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Shawn A. Marzan, has filed *pro se* a Title VII Complaint. The Court must construe the Title VII Complaint liberally because Mr. Marzan is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Marzan will be ordered to file an amended Title VII Complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Title VII Complaint and finds that the Title VII Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American*

*Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Marzan fails to provide a short and plain statement of his claims showing that he is entitled to relief. Mr. Marzan has checked boxes on the Court's preprinted Title VII Complaint form indicating that Defendant discriminated against him because of his race by failing to promote him, demoting or discharging him from his employment, and retaliating against him for reporting sexual harassment and a hostile work environment. However, the Court's preprinted Title VII Complaint form otherwise is largely blank and Mr. Marzan provides no factual allegations in support of any claims of employment discrimination. Although Mr. Marzan attaches to the Title VII Complaint a copy of a Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission and numerous other documents, those documents do not provide the Court with the factual basis for any of the claims Mr. Marzan intends to assert in this

action.

Neither the Court nor Defendant is required to guess in order to determine the specific factual allegations that support the claims Mr. Marzan is asserting. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Marzan will be ordered to file an amended Title VII Complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. Mr. Marzan is advised that it is his responsibility to present his claims clearly and concisely in a manageable format that allows the Court and Defendant to know what claims are being asserted and to be able to respond to those claims.

In addition it is not clear that Mr. Marzan has complied with the venue provision of Title VII, which provides as follows:

> [S]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). *See Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998) (stating that 42 U.S.C. § 20003-5(f)(3) is the proper venue provision for Title VII claims). Mr. Marzan alleges that the unlawful employment

3

practices took place in Commerce City, Colorado, and in Salt Lake City, Utah. He also alleges that Republic Services, Inc., has its principal office in Phoenix, Arizona.

Accordingly, it is

ORDERED that Plaintiff, Shawn A. Marzan file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with the venue provisions of Title VII as discussed in this order. It is

FURTHER ORDERED that Mr. Marzan shall obtain the Court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Marzan fails to file an amended Title VII Complaint **within thirty (30) days from the date of this order**, the Title VII Complaint and the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED at Denver, Colorado, this 16th day of September, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02018-BNB

Shawn A Marzan
PO Box 11281
Aurora, CO 80011

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 16, 2011.

                          GREGORY C. LANGHAM, CLERK

               By: _____
                          Deputy Clerk